# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 0:18-cr-62-DSD-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| Shari Ann Natysin, | |
| Defendant. | |

This matter is before the Court on the government's and Ms. Natysin's motions for discovery and disclosure. The Court held a hearing on the motions on July 10, 2018. Based on the motions that were filed, the written responses, and the arguments presented at the hearing, the Court enters the following Order.[1]

## 1. The Government's Motion for Discovery (ECF No. 5)

The government's motion for discovery of information pursuant to Rule 16 of the Federal Rules of Criminal Procedure is **GRANTED**. The defendant shall provide discovery and disclosures as required by the Fed. R. Crim. P. 16.

## 2. Ms. Natysin's Motion for Release of *Brady* Materials (ECF No. 18)

Ms. Natysin's motion for disclosure of *Brady* materials is **GRANTED**. The government is obligated to disclose evidence favorable to the defendants as required

---

[1] The Court will separately issue a Report and Recommendation on Ms. Natysin's motion to suppress evidence from search and motion to dismiss indictment. (ECF Nos. 25, 26.)

by *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. These cases place an ongoing obligation on counsel for the government to disclose exculpatory evidence and impeachment material to the defendants.

**3. Ms. Natysin's Motion for Disclosure of Prior Acts (ECF No. 19)**

Ms. Natysin's motion for disclosure of Rule 404(b) evidence is **GRANTED**. The government shall disclose any evidence it intends to offer at trial pursuant to Fed. R. Evid. 404(b) at least **30 days** before trial.

**4. Ms. Natysin's Motion to Retain Rough Notes (ECF No. 20)**

Ms. Natysin's motion for government agents to retain rough notes is **GRANTED**. Disclosure of rough notes is not required by this Order.

**5. Ms. Natysin's Motion for Disclosure of Experts (ECF No. 21.)**

Ms. Natysin's motion for expert discovery is **GRANTED**. The government shall make its expert disclosures at least **30 days** prior to trial. Any expert disclosures to be made by Ms. Natysin must be completed by **two weeks** before trial. As discussed at the hearing, the government shall meet and confer with Ms. Natysin at least **30 days** prior to trial to discuss whether any forensic accountant, computer technician, or similar specialized witnesses will be called, regardless of whether the government agrees that such a witness is an expert as contemplated by the rules.

6. **Ms. Natysin's Motion for Disclosure of Jencks Act Materials (ECF No. 22)**

Ms. Natysin's motion for early disclosure of Jencks Act material is **DENIED**. The Jencks Act provides that the government "need not produce Jencks statements prior to a witness' testimony on direct examination." *United States v. Douglas*, 964 F.2d 738, 741 & n.2 (8th Cir. 1992) (citing 18 U.S.C. § 3500(b) and discussing the government's option to make earlier voluntary disclosure, such as through an "open file policy"). Given that this is a complex fraud case, the Court encourages the government to disclose Jencks Act material as soon as possible. To the extent any Jencks Act material has not yet been shared, the government has agreed to provide it to the defense no later than three days before trial.

7. **Ms. Natysin's Motion for Disclosure of Grand Jury Transcripts (ECF No. 23)**

Ms. Natysin's motion for disclosure of grand jury transcripts is **DENIED**. There is a "long established policy that maintains the secrecy of the grand jury proceedings in the federal courts." *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681 (1958). A court may authorize disclosure of grand jury transcripts if the defendant "shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." *United States v. Daniels*, 232 Fed. App'x 611, 612 (8th Cir. 2007). Such a showing requires the "presentation of specific evidence of prosecutorial overreach." *United States v. Finn*, 919 F. Supp. 1305, 1327 (D. Minn. 1995). Ms. Natysin has failed to make such a showing.

8. **Ms. Natysin's Motion for Discovery (ECF No. 27)**

Ms. Natysin's motion for discovery and inspection is **GRANTED** to the extent it seeks discovery and disclosure consistent with Fed. R. Crim. P. 16. The government shall continue to comply with its discovery and disclosure obligations.

Date: July 10, 2018

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge