# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 18-cr-62-DSD-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| Shari Ann Natysin, | |
| Defendant. | |

Shari Natysin is charged by Indictment with several criminal counts related to wire fraud and tax evasion. (Second Superseding Indictment, ECF No. 67)  She was originally scheduled for trial before Judge David S. Doty on January 23, 2019.

On December 17, 2018, Ms. Natysin moved for a continuance of that trial (ECF No. 66), asserting that she is suffering from a medical condition that would affect her ability to "cognitively process" the proceedings.  The government opposed the continuance, but argued that Ms. Natysin had put her competence to stand trial at issue with the request and sought a competence hearing.  Judge Doty referred the matter to the undersigned for further proceedings.

On January 4, 2019, the Court held a telephonic status conference with counsel and Ms. Natysin.  Following that conversation, the Court determined that a competency evaluation of Ms. Natysin pursuant to 18 U.S.C. § 4241 and 4247 was required.  Ms. Natysin was evaluated on January 24, 2019 by Shannon Garrity, PsyD, LP.  Dr. Garrity prepared a report detailing her conclusions, which was filed under seal with the Court.  (ECF No. 76.)  The Court has carefully reviewed Dr. Garrity's report along with the rest of the record and finds that Ms. Natysin is clearly competent to stand trial.

District courts have broad discretion in determining a defendant's competency to stand trial.  *United States v. Whittington*, 586 F.3d 613, 617 (8th Cir. 2009).  A defendant should be found "mentally incompetent to stand trial if a preponderance of the evidence indicates he is unable to understand the nature and consequences of the

proceedings against him or to assist properly in his defense." *United States v. Ghane*, 490 F.3d 1036, 1040 (8th Cir. 2007) (citing 18 U.S.C. § 4241(d).)  A competency decision may be based on a number of factors, "including expert medical opinions and the court's observations of the defendant's demeanor." *Id.*

Dr. Garrity found Ms. Natysin to be competent for several reasons.  First, although Ms. Natysin was originally prompted to file the motion for continuance due to a potential lupus diagnosis, further testing has established that Ms. Natysin does not suffer from this condition.  (ECF No. 76 at 4.)  In fact, Dr. Garrity found that Ms. Natysin has not been diagnosed with any medical condition that impairs her cognition.  (*Id.*)  And although Ms. Natysin self-reports struggling with symptoms of anxiety and depression, Dr. Garrity found these symptoms to be well-managed on Ms. Natysin's current medication regime.  She also concluded that these symptoms posed no concern relating to her competence.  (*Id.* at 6–7, 9.)  Further, Dr. Garrity found that Ms. Natysin "demonstrated intact factual and rational understanding" of her current charges, the possible outcomes, and the adjudicative process.  (*Id.* at 7–8.)  Ms. Natysin also "demonstrated adequate decision making [sic] skills and the capacity to work with defense counsel."  (*Id.* at 8.)  In sum, Dr. Garrity concluded that Ms. Natysin's is fully competent to stand trial.

After Dr. Garrity's report was filed with the Court, Ms. Natysin and her attorney Jordan Kushner indicated that neither had any continuing doubts about Ms. Natysin's competency.  (ECF No. 78.)  Ms. Natysin also agreed to cancelation of the competency hearing.  (*Id.*)  Therefore, the conclusions in Dr. Garrity's report are not contested.

The Court finds Dr. Garrity's evaluation to be supported by the medical record, as well as the Court's own experiences with Ms. Natysin.  First, the Court must determine whether Ms. Natysin has "a rational as well as factual understanding of the proceedings against [her]."  *Ghane*, 490 F.3d at 1040 (quotation omitted).  The Court finds that Ms. Natysin does.  Dr. Garrity's report indicated that Ms. Natysin understood the charges against her and was able to rationally and factually discuss the adjudicative process as a whole, as well as potential outcomes in Ms. Natysin's case.  (ECF No. 76 at 7–8.)  Similarly, during a conference held to discuss Ms. Natysin's motion, she appeared telephonically and participated in the relevant discussion.  In her other appearance before the Court, she also appeared fully competent and

engaged with the proceedings.  Second, the Court must determine whether Ms. Natysin "is able to assist properly in [her] defense." *Ghane*, 490 F.3d at 1040.  Dr. Garrity's report clearly indicates that Ms. Natysin is capable of doing so.  She understands the defenses her attorney is preparing, and even offered methods of discrediting certain evidence against her.  (ECF No. 76 at 8.)  And the Court is aware from earlier disputes in this case that Ms. Natysin has been working actively with her attorney to prepare her defense (*See, e.g.*, ECF No. 52.)

In sum, it is clear that Ms. Natysin is fully capable of participating in her trial and defense, and is competent to stand trial.  Accordingly, IT IS HEREBY ORDERED that:

1.     Ms. Natysin's Second Motion for Continuance of Trial, ECF No. 62, is **DENIED**.  The trial will proceed on the schedule set forth by District Judge David S. Doty.

2.     Ms. Natysin's Motion to Exclude Time Under the Speedy Trial Act, ECF No. 66, is **GRANTED**.

Date:  February 8, 2019                             *s/Katherine Menendez*
                                                                        Katherine Menendez
                                                                        United States Magistrate Judge