```
           UNITED STATES DISTRICT COURT
              DISTRICT OF MINNESOTA
           CRIMINAL NO. 18-62 (DSD/KMM)
```

United States of America,

       Plaintiff,

v.                                                  **ORDER**

Shari Ann Natysin,

       Defendant.

This matter is before the court upon the pro se motion by defendant Shari Ann Natysin to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. Based upon a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion and denies a certificate of appealability.

**BACKGROUND**

On February 28, 2019, Natysin pleaded guilty to nine counts of wire fraud, two counts of tax evasion, and one count of filing a false tax return. The court sentenced Natysin to 46 months' imprisonment to be followed by three years of supervised release. Natysin unsuccessfully appealed her sentence to the Eighth Circuit Court of Appeals. See United States v. Natysin, 966 F.3d 739 (8th Cir. 2020). Natysin now moves for relief under § 2255, arguing that her counsel was ineffective in failing to challenge the Presentence Investigation Report's (PSR) calculation of her

criminal history score.  She did not contest her criminal history score on her direct appeal.[1]

## DISCUSSION

### I. Standard of Review

Section 2255 provides a federal inmate with a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by the court.  This collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised on direct appeal.  United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).  "Beyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice."  Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011) (internal quotation marks and citations omitted).  Under this principle, "ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a

---

[1] Natysin asserts that she did not discover the errors until after her direct appeal was finalized.  ECF No. 179, at 6, 11.

proper section 2255 claim." Id. (quoting Auman v. United States, 67 F.3d 157, 161 (8th Cir. 1995)).

When considering a § 2255 motion, a court may hold an evidentiary hearing. See 28 U.S.C. § 2255(b). A hearing is not required, however, when "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted). Here, no hearing is required because the stated ground for relief is improper and, in any event, facially meritless.

**II. Merits**

As a threshold matter, Natysin has failed to raise a proper § 2255 claim because she bases her motion on "ordinary questions of guideline interpretation" that do not rise to the level of a "miscarriage of justice." Sun Bear, 644 F.3d at 704. Her claims nevertheless fail even if considered on the merits.[2]

---

[2] Natysin procedurally defaulted by not raising the issues now before the court on direct appeal. Ineffective assistance of appellate counsel may, however, "constitute cause and prejudice to overcome a procedural default." Becht v. United States, 403 F.3d 541, 545 (8th Cir. 2005) (citation omitted).

To establish a claim of ineffective assistance of counsel, Merrell must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, Natysin must show that her counsel's performance was so deficient that it fell below the level of representation guaranteed by the Sixth Amendment. Id. at 687. Second, she must establish prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694.

Natysin argues that her counsel was constitutionally ineffective in failing to challenge two aspects of the PSR's calculation of her criminal history points. She first argues that the PSR incorrectly assigned her one criminal history point for a July 2005 conviction for theft. See ECF No. 112 ¶ 57. She contends that under U.S.S.G. § 4A1.2(c)(2), no points should be assigned for that conviction because it occurred more than ten years before the instant criminal activity. Although she did not raise this issue on direct appeal, she did object to the PSR's determination at the time of sentencing. Id. at A.4-A.5. The PSR concluded, and the court implicitly agreed, that the objection lacked merit because relevant conduct for the instant offense began on October 1, 2014, less than ten years after the theft conviction. Under these circumstances, Natysin's counsel was not constitutionally

4

ineffective with respect to this issue.

Natysin next argues that she should not have been assigned two additional criminal history points for her February 2016 conviction for theft by swindle because she did not commit the instant offense while under a criminal justice sentence for that crime. ECF No. 112 ¶ 62. She contends that she was placed on "administrative unsupervised probation" for the theft by swindle conviction, which does not qualify as a "criminal justice sentence." ECF No. 179, at 5. Her counsel did not object to this aspect of the PSR at the time of sentencing. This is likely because the argument lacks merit.

Under U.S.S.G. § 4A1.1(d), two criminal history points are added if defendant "committed the instant offense while under any criminal justice sentence, including probation parole, supervised release, imprisonment, work release, or escape status." "Criminal justice sentence" is defined as "having a custodial or supervisory component, although active supervision is not required ... For example, a term of unsupervised probation would be included[.]" Id. cmt. n.4. Given the definition of "criminal justice sentence," there is no question that two criminal history points were properly added for Natysin's theft by swindle conviction. As a result, Natysin's counsel was not constitutionally ineffective with respect

5

to this issue either.

### III. Certificate of Appealability

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). As discussed, the court is firmly convinced that Natysin's motion is baseless, and that reasonable jurists could not differ on the results given the nature of her arguments. A certificate of appealability is not warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to vacate, set aside, or correct sentence [ECF No. 179] is denied; and

2. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 19, 2020                s/David S. Doty
                                       David S. Doty, Judge
                                       United States District Court